447 S.E.2d 602

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

v.

**Michael C. FARBER, a Member of the West Virginia State Bar, Respondent.**

**No. 22048.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 18, 1994.

Rehearing Granted March 23, 1994.

Decided July 20, 1994.

Sherri D. Goodman, Charleston, for complainant.

William C. Garrett, pro se.

PER CURIAM:

In *Committee on Legal Ethics v. Farber*, 185 W.Va. 522, 408 S.E.2d 274 (1991), this Court suspended the license of the respondent, Michael C. Farber, to practice law for three months for falsely accusing a circuit judge of criminal acts and for other conduct. In that case, the Court specified that, upon the reinstatement of his law license, the respondent was to be supervised in his practice by another attorney for a period of two years. The Court also directed the respondent to reimburse the Committee on Legal Ethics of the West Virginia State Bar for its costs in prosecuting the proceeding.

On March 9, 1992, the respondent petitioned for reinstatement of his law license. In conjunction with his petition, he suggested that he be supervised by William C. Garrett, an attorney in Gassaway, West Virginia, that he meet with Mr. Garrett on a weekly basis, and that reports be submitted to the Committee on Legal Ethics on a monthly basis. He also petitioned to be allowed to reimburse the Committee's costs by making payments of $200.00 per month.

Mr. Garrett agreed to supervise the respondent, and the Committee on Legal Ethics accepted the supervision proposal. The Committee also agreed to accept payments of $200.00 per month in satisfaction of the respondent's reimbursement obligation. This Court, after reviewing the situation, found the arrangement acceptable and ordered the reinstatement of the respondent's law license.

In the present proceeding, the Committee on Legal Ethics claims that from August, 1992, to May, 1993, the respondent consistently failed to comply with the terms of the reinstatement agreement, and it recommends that this Court take further action against the respondent.

The papers filed in the present proceeding show that Mr. Garrett has submitted only one written report relating to his supervision of the respondent, and the respondent has claimed that he has informally notified the Committee on Legal Ethics of his situation. It also appears that the Committee on Legal Ethics has been concerned about the situation and has asked the respondent to sign an agreement that he would meet with Mr. Garrett on a regular basis and submit monthly reports. The respondent signed the agreement and then ignored it.

The documents filed further show that the respondent has fallen into a serious arrearage in his payments to the Committee on Legal Ethics. At one point, he contacted the Committee on Legal Ethics about his difficulties, and the Committee appropriately worked out an adjusted payment schedule for him. At a certain point, however, the respondent, who was apparently continuing to

suffer from financial difficulties, failed to report his difficulties to the Committee on Legal Ethics or to seek an additional modification of his payment schedule. Instead, he chose to disregard his financial obligations.

The documents further show that another legal ethics complaint has been filed against the respondent charging him with neglect of a legal matter entrusted to him and that he has failed to respond in a timely and appropriate manner to that complaint.

■ In this Court's view, it is the responsibility of individuals who wish to serve as lawyers to demonstrate the competence to do so and to demonstrate the diligence to handle the matters entrusted to them in a professional manner. This concern is expressed in the Preamble to the Rules of Professional Conduct, which states that "[i]n all professional functions a lawyer should be competent, prompt, and diligent."

In the context of handling legal matters entrusted to an attorney by a client, Rule 1.3 of the Rules of Professional Conduct requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

■ In the present case, this Court imposed the requirement that the respondent submit to supervision upon the reinstatement of his license to practice law. This was not done as a simple punitive measure or as an afterthought, but because the Court had a very real concern that the respondent had difficulty in understanding his professional obligations and a concern that he would not comply with those obligations in the practice of law.

The course of the respondent's conduct since his readmission has borne out this Court's concerns. It appears that he has not taken the supervision requirement seriously; he has not found it necessary to be diligent in meeting his financial obligations to the Committee on Legal Ethics; and, in apparent violation of Rule 1.3 of the Rules of Professional Conduct, he has not been reasonably diligent in handling a legal matter entrusted to him.

This Court views compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities, and, in the present case, the Court believes that the respondent has ignored that responsibility. The Court also believes that Mr. Garrett has not viewed the supervision requirement with the same seriousness as this Court sees it.

■ This Court has rather consistently indicated that:

"'"In disciplinary proceedings, this Court, rather than endeavoring to establish a uniform standard of disciplinary action, will consider the facts and circumstances [in each case], including mitigating facts and circumstances, in determining what disciplinary action, if any, is appropriate, and when the committee on legal ethics initiates proceedings before this Court, it has a duty to advise this Court of all pertinent facts with reference to the charges and the recommended disciplinary action." Syl. pt. 2, *Committee on Legal Ethics v. Mullins*, 159 W.Va. 647, 226 S.E.2d 427 (1976).' Syllabus point 2, *Committee on Legal Ethics v. Higinbotham*, [176 W.Va. 186], 342 S.E.2d 152 (1986)."

Syllabus Point 4, *Committee on Legal Ethics v. Roark*, 181 W.Va. 260, 382 S.E.2d 313 (1989).

In the present case, the Court believes that if the respondent is to continue to practice law in West Virginia, he must demonstrate competency, promptness, and diligence in handling the professional responsibilities connected with such practice. In his case, this entails complying with this Court's orders relating to reasonable supervision, meeting his financial obligations to the Committee on Legal Ethics, and handling his clients' matters with competency, promptness, and diligence.

The Court has, therefore, concluded, that the respondent must submit to an additional

period of supervision, and the respondent's license to practice law must be suspended until such time as he enters into a written arrangement with the Committee on Legal Ethics for an additional eighteen months of supervision.[1] In that arrangement, he must agree to meet with a supervising attorney at such intervals as the Committee on Legal Ethics shall deem appropriate and must agree to such supervisory conditions or stipulations as the Committee on Legal Ethics shall consider appropriate. The supervising attorney must also agree to the arrangement and assume the professional responsibility to insure that it is carried out. The Committee on Legal Ethics, in entering into the arrangement with the supervising attorney, may require such reports as it considers appropriate.

Upon the resumption of practice by the respondent, any inability by the respondent, or by the supervising attorney, to meet any term or condition imposed by the supervisory arrangement must be reported promptly by the respondent and by the supervising attorney, in writing, to the Committee on Legal Ethics, and the Committee on Legal Ethics shall have the authority to modify, in writing, the supervisory arrangement where appropriate and necessary. The Committee shall also have the authority to excuse, in writing, non-compliance which it considers excused or justified.

The Court also believes that it is necessary for the respondent to reimburse the Committee on Legal Ethics for the costs of the original ethics proceeding. His reinstatement is, therefore, further conditioned upon his entering into, and complying with, a reim-bursement agreement with the Committee on Legal Ethics. In developing the agreement, the Committee on Legal Ethics should take into consideration the respondent's financial situation. If, for any reason, the respondent should be unable to comply with any payment scheduled under the reimbursement agreement, it shall be incumbent upon him to notify the Committee on Legal Ethics, in writing, at the time the payment is due, of the reasons for his inability to comply, and he shall promptly thereafter attempt to correct the noncompliance.

This Court will consider the failure of the respondent to meet his obligations under the supervision arrangement or the reimbursement agreement which he must enter into for readmission to the practice as cause for further suspension or annulment of his license to practice law.[2] Non-compliance by the supervising attorney shall be considered a breach of a professional responsibility.

For the reasons stated, the license of the respondent to practice law is suspended until such time as he enters into the supervision arrangement and the reimbursement agreement discussed herein. At such time, the license will be automatically reinstated.[3]

Suspended with directions.

1. The date of commencement and termination of such eighteen-month period should be determined by the Committee on Legal Ethics and set forth in the written arrangement.

2. In the present case, the Court is being somewhat lenient with the respondent, since the Court does not feel that it previously stressed the importance of compliance with supervision requirements. In the future, when confronted with noncompliance with supervision requirements, the Court will likely suspend absolutely, or annul, the law license of an attorney who fails to comply with the requirements.

3. The Court notes that this case is before the Court on the respondent's petition for rehearing. Previously, on February 18, 1994, the Court entered an unpublished order suspending the respondent's license without affording him the opportunity for immediate reinstatement by making further arrangements for supervision and reimbursement with the Committee on Legal Ethics. That earlier order is hereby set aside, and the parties are directed to proceed in accordance with this directions set forth herein.