489 S.E.2d 496

**OFFICE OF LAWYER DISCIPLINARY COUNSEL, Petitioner**

v.

**Abishi C. CUNNINGHAM, A Member of the West Virginia State Bar, Respondent.**

**No. 24122.**

Supreme Court of Appeals of West Virginia.

Submitted June 24, 1997.

Decided July 3, 1997.

Sherri D. Goodman, Chief Disciplinary Counsel, Amie Johnson, Lawyer Disciplinary Counsel, Charleston, for Petitioner.

Abishi C. Cunningham, Pro Se.

Per Curiam:

In this attorney disciplinary proceeding, the Office of Disciplinary Counsel (ODC) has petitioned this Court to hold in contempt and suspend the license to practice law of the respondent, Abishi C. Cunningham,[1] for his failure to comply with the supervision plan required by our decision in *Lawyer Disciplinary Board v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995) (*Cunningham II*).[2]

### I.

In *Cunningham II* this Court found Mr. Cunningham violated four provisions of the Rules of Professional Conduct in his handling of a settlement offer.[3] As punishment for the violations, this Court publicly reprimanded Mr. Cunningham and required that his law practice be supervised for at least two years.

In March of 1996, ODC was able to locate an attorney willing to supervise Mr. Cunningham. The supervising attorney went to the office of Mr. Cunningham on April 22, 1996 to conduct an inventory of his files. Subsequently, in May of 1996 ODC drafted an agreement of supervision between the supervising attorney and Mr. Cunningham. The agreement required Mr. Cunningham to meet with the supervising attorney on a monthly basis, provide various information

---

1. Mr. Cunningham failed to file a response to this Court's rule to show cause why he should not be held in contempt.

2. This Court also previously reprimanded Mr. Cunningham for neglecting a legal matter in *Committee of Legal Ethics v. Cunningham*, No. 21717, July 8, 1993 (per curiam order).

3. The petition filed by ODC in the instant proceeding points out that charges are currently pending against Mr. Cunningham, which allege four counts of unethical conduct by him during the period 1991–1994. *See In re Abishi C. Cunningham*, No. 23354.

Additionally, we have been informed by the petition that a complaint was filed against Mr. Cunningham in June of 1996, involving dismissal of his client's personal injury case, without her knowledge, in 1987.

during the meetings and to generally cooperate with the supervising attorney.

The monthly meetings began on July 15, 1996, with a visit by Mr. Cunningham to the office of the supervising attorney. The petition filed by ODC indicates that Mr. Cunningham failed to attend the meetings scheduled for August, September and October. At some point in October the supervising attorney went to the office of Mr. Cunningham to discuss his failure to keep the appointments. Meetings were again scheduled for November and December. Mr. Cunningham failed to keep the November appointment. About thirty minutes before the scheduled December meeting Mr. Cunningham telephoned the supervising attorney to say that he would be late. However, Mr. Cunningham never appeared at the meeting.

During the months of January and February of 1997, the supervising attorney was out of the state. It appears that Mr. Cunningham did not contact the supervising attorney's office to schedule appointments during this period. On March 5, 1997, the supervising attorney informed ODC in writing that he was withdrawing from the agreement to supervise Mr. Cunningham, due to the lack of compliance with the supervision plan by Mr. Cunningham. Subsequently ODC filed this petition seeking to have Mr. Cunningham found in contempt of this Court's previous order and as punishment to have his license to practice law suspended.

### II.

■ This Court possesses the power to punish a party for contempt of its order. *See* Syl. Pt. 4, *State ex rel. Walker v. Giardina*, 170 W.Va. 483, 294 S.E.2d 900 (1982). We do not exercise this power in all cases. However, we noted in syllabus point 1 of *United Mine Workers of America v. Faerber*, 179 W.Va. 73, 365 S.E.2d 353 (1986) that "[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction." The next issue is what kind of contempt the respondent is guilty of, civil or criminal. We held in syllabus point 1 of *State ex rel. Robinson v. Michael*, 166 W.Va. 660, 276 S.E.2d 812 (1981) that:

> Whether a contempt is classified as civil or criminal does not depend upon the act constituting such contempt because such act may provide the basis for either a civil or criminal contempt action. Instead, whether a contempt is civil or criminal depends upon the purpose to be served by imposing a sanction for the contempt and such purpose also determines the type of sanction which is appropriate.

Additionally we said in syllabus point 2 of *Robinson* that:

> Where the purpose to be served by imposing a sanction for contempt is to compel compliance with a court order by the contemner so as to benefit the party bringing the contempt action by enforcing, protecting, or assuring the right of that party under the order, the contempt is civil.

This case squarely fits the test as one of civil contempt. Further, we have held that a jury trial is not required in civil contempt matters. *See Faerber*, 179 W.Va. at 76, 365 S.E.2d at 356 ("Superior courts have the inherent power to try and punish cases of civil contempt without a jury where their orders are violated.") (citation omitted).[4]

In our decision in *Committee on Legal Ethics v. Charonis*, 186 W.Va. 59, 410 S.E.2d 418 (1991) we were confronted with the issue of an attorney failing to obey a supervision plan ordered by this Court. The evidence in that case established that the attorney made no attempts to work with his supervising attorney and the State Bar, and failed to comply with the supervised plan imposed by this Court. As punishment for this conduct we suspended the attorney's license to practice law for one year.

In *Committee on Legal Ethics of West Virginia State Bar v. Farber*, 191 W.Va. 667, 447 S.E.2d 602 (1994) an attorney failed to schedule weekly meetings with his supervising attorney as required by this Court's previously imposed plan of supervision. We sus-

---

**4.** "Of course, certain procedural safeguards must be present. The accused must have notice, the right to counsel, and the right to present evidence and argue his case." *Faerber*, 179 W.Va. at 76 n. 3, 365 S.E.2d at 356 n. 3. All of these matters were provided to Mr. Cunningham.

pended the law license of the attorney until he entered into a new plan of supervision. In a footnote in *Farber* we indicated that "[i]n the future, when confronted with non-compliance with supervision requirements, the Court will likely suspend absolutely, or annul, the law license of an attorney who fails to comply with the requirements." *Id.,* 191 W.Va. at 670 n. 2, 447 S.E.2d at 605 n. 2.

In the instant proceeding the evidence establishes that Mr. Cunningham has disobeyed this Court's order regarding supervision. During oral argument in this matter Mr. Cunningham indicated that conflicts of interest kept him from keeping scheduled supervision meetings. This explanation does not alter the duty imposed upon him by our prior order. We find that he is in contempt of our order in *Cunningham II.*

■ Mr. Cunningham has devoted over fifty years of distinguished service to the bar and the community. This is a point in time when he should be honored for his dedication and commitment to the legal profession. Instead, we are asked to suspend him for what, no doubt, are signs indicating he has entered into the golden years of his life. This is truly a troubling task. However, we have a duty to uphold the standards of the legal profession in our state. "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. Pt. 3, *Committee on Legal Ethics v. Blair,* 174 W.Va. 494, 327 S.E.2d 671 (1984). Based upon the facts of this case, we believe the appropriate sanction is to immediately and indefinitely suspend the law license of Mr. Cunningham, with the right to petition this Court for reinstatement after one year. See *Committee on Legal Ethics of the West Virginia State Bar v. Keenan,* 189 W.Va. 37, 427 S.E.2d 471 (1993) (indefinite suspension); *Committee on Legal Ethics of West Virginia State Bar v. Mullins,* 159 W.Va. 647, 226 S.E.2d 427 (1976) (indefinite suspension); *In re Marcum,* 135 W.Va. 126, 62 S.E.2d 705 (1950) (indefinite suspension with reinstatement possible after one year). Before Mr. Cunningham's "license to practice law can be reinstated he must also comply with all man-datory continuing legal education and dues requirements." *Keenan,* 189 W.Va. at 40, 427 S.E.2d at 474.

Indefinite suspension with right to petition for reinstatement after one year.