503 S.E.2d 275

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Abishi CUNNINGHAM, a suspended member of The West Virginia State Bar, Respondent.**

**No. 24892.**

Supreme Court of Appeals of West Virginia.

Submitted March 24, 1998.

Decided June 12, 1998.

PER CURIAM.[1]

In the instant case the petitioner Office of Disciplinary Counsel ("ODC") asks this Court to find that Abishi C. Cunningham ("respondent"), a suspended member of the West Virginia State Bar, is in contempt of this Court's order indefinitely suspending his license to practice law, because he continued to practice law from his office in Welch, West Virginia, after being suspended. Further, pursuant to Rule 3.29 of the *Rules of Lawyer Disciplinary Procedure*,[2] the ODC asks that this Court order the Chief Judge of the Circuit Court of McDowell County, West Virginia, to immediately appoint a lawyer to act as a receiver for the respondent. The ODC also requests other additional relief as this Court may deem necessary and appropriate.

## I.

This Court's decision in *Lawyer Disciplinary Board v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995) required the respondent to practice under supervision, in addition to other restrictions and discipline.[3] Subsequently the ODC filed a petition with this Court based upon the respondent's failure to comply with his supervision plan. The respondent failed to respond to the petition.

On July 3, 1997, in *Office of Lawyer Disciplinary Counsel v. Cunningham*, 200 W.Va. 339, 489 S.E.2d 496 (1997) this Court suspended the respondent's license to practice law indefinitely. On or about August 4, 1997, respondent petitioned this Court to reconsider its decision. On September 3, 1997, the respondent's petition for rehearing was denied.

Steven Johnson Knopp, Lawyer Disciplinary Board, Charleston, for Petitioner.

Donald Pitts, Beckley, for Respondent.

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Lawyer Disciplinary Rule 3.29 states:

When a lawyer has disappeared, died, or has abandoned his or her law office or practice or has been suspended or disbarred and there is evidence that the lawyer has not complied with Rule 3.28, and no partner, executor, or other responsible party capable of conducting the lawyer's affairs is known to exist, the Supreme Court of Appeals, upon written request by Disciplinary Counsel, may authorize the chief judge in the circuit in which the lawyer main-

tained his or her practice, to appoint a lawyer or lawyers to inventory the files of the disappeared, deceased, abandoning, suspended, or disbarred lawyer and to take such action as seems indicated to protect the interests of the lawyer and the lawyer's clients. Any lawyer so appointed shall not be permitted to disclose any information contained in any files so inventoried without the consent of the client to whom such file relates, except as necessary to carry out the order of the court which appointed the lawyer to make such an inventory.

3. This Court also previously reprimanded Mr. Cunningham for neglecting a legal matter in *Committee of Legal Ethics v. Cunningham*, No. 21717, July 8, 1993 (*per curiam* order).

The petitioner ODC has shown by affidavit and transcript that on October 28, 1997, the respondent appeared before the West Virginia Court of Claims and represented the interests of Luther Savage. The respondent contends that on October 28, 1997, he was unaware of this Court's denial of his petition for rehearing.

The petitioner has also shown by affidavit (and the respondent has not replied to this charge) that on October 28, 1997 and December 3, 1997, an investigator for the ODC visited the respondent's law office in Welch, West Virginia, to establish whether respondent had ceased the practice of law. The investigator had reserved a date and time for the appointments by telephone calls to the respondent's office, and discussed in person with respondent a potential legal representation. A representation agreement resulted from the investigator's second visit to the respondent's office.

## II.

■ This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law. Syllabus Point 3, *Committee on Legal Ethics v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984).

■ The foregoing clearly established factual circumstances constitute the continuing practice of law by the respondent in violation of this Court's order of suspension; these circumstances also demonstrate a potential for harm to respondent's clients and the public. The respondent has served the legal needs of his community for a half-century. He has in the past brought honor to himself, his community, and his profession. Nevertheless, in light of respondent's historical repeated failure to comply with remedial disciplinary measures, we must take the step of annulling the respondent's license to practice law.

Rule 3.29 of the *Rules of Lawyer Disciplinary Procedure* provides that this Court may authorize the chief judge in the circuit where a lawyer whose license to practice law has been annulled maintains his practice to appoint a lawyer to take necessary action to close out the disciplined lawyer's law practice. The appointment of a receiver to protect the interest of the respondent's clients and the public is necessary. The receiver's duties shall include: to take custody of and secure respondent's law office and the premises and contents thereof, and the telephone service to the premises and office; to provide for interception of calls to respondent's office; to take custody of, inventory and preserve the respondent's files related to his law practice, wherever located; to provide notice to existing clients of the respondent's status and the clients' need for new counsel; to provide notification to prospective clients of respondent's status; and to take all other measures as are reasonably necessary to protect the interests of the public and the respondent's clients.

## III.

The petition is granted and the respondent's license to practice law is annulled. Further, as provided for in Rule 3.29 of the *Rules of Lawyer Disciplinary Procedure*, the chief judge of the Circuit Court of McDowell County shall appoint a receiver for the respondent's law practice.

Petition granted; license annulled; receiver ordered.