605 S.E.2d 587

**LAWYER DISCIPLINARY
BOARD, Petitioner**

v.

**James F. SIGWART, II, Respondent**

**No. 30727.**

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 9, 2004.

Decided Dec. 2, 2004.

Rachael L. Fletcher, Esq., Office of Disciplinary Counsel, Charleston, West Virginia, Attorney for Petitioner.

PER CURIAM:

This case is before this Court upon a petition filed by the Lawyer Disciplinary Board (hereinafter "LDB") requesting that this Court hold James F. Sigwart, II, in contempt and immediately suspend his license to practice law for his failure to comply with the June 25, 2003 order of this Court and accompanying supervision agreement. Upon consideration of the evidence submitted by the

LDB, we grant its request and hereby immediately suspend Mr. Sigwart's license to practice law.

## I.

## FACTS

By order dated June 25, 2003, this Court reprimanded Mr. Sigwart for violating Rules 1.3, 1.4(a), 1.4(b), 1.16(a)(2) and 8.1(b) of the Rules of Professional Conduct.[1] We ordered that Mr. Sigwart: (1) be supervised in his current employment[2] for six months by a licensed West Virginia attorney chosen by him with approval of the Office of Disciplinary Counsel (hereinafter "ODC"); (2) contact the ODC should he return to private practice in the future to arrange for an additional twelve months of supervision by a West Virginia attorney; (3) undergo comprehensive counseling/therapy to effectively deal with his personal issues and his issues with alcohol abuse and provide evidence of the same to the ODC; (4) fully cooperate in the future with ethical complaints and/or requests for information from the ODC; and (5) reimburse the LDB for the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure in the amount of $1,364.93.

On October 24, 2003, Mr. Sigwart tendered a check in the amount of $1,364.93 for payment of the costs of these proceedings. Also, Mr. Sigwart, Supervising Attorney Susan L. Riffle,[3] and the ODC executed a supervision agreement providing that supervision would begin on December 1, 2003. On February 5, 2004, Ms. Riffle filed supervision reports for December 2003 and January 2004, and indicated that Mr. Sigwart had not complied with the supervision agreement. In particular, Ms. Riffle advised that Mr. Sigwart had not begun his court-ordered counseling. On February 10, 2004, the ODC sent Mr. Sig-

wart a letter concerning his noncompliance with the court order and supervision agreement. The ODC requested that Mr. Sigwart provide evidence of his full compliance within ten days of his receipt of the letter. Mr. Sigwart did not respond to the letter or several follow-up phone calls from the ODC.

On April 1, 2004, Ms. Riffle filed her supervision reports for February and March 2004. She advised of additional problems with Mr. Sigwart's compliance with the court order and supervision agreement. In that regard, she noted that Mr. Sigwart had not yet begun his court-ordered counseling; had failed to follow through on a complaint that was ultimately dismissed and the statute of limitations had since lapsed; and was no longer attending weekly meetings with his supervisor. On April 6, 2004, the ODC sent a second letter to Mr. Sigwart advising him of his continued noncompliance with both the court order and supervision agreement. Mr. Sigwart again did not respond to the letter or several phone calls from the ODC.

On June 1, 2004, the ODC filed this petition seeking to hold Mr. Sigwart in contempt for failing to comply with this Court's June 25, 2003 order and his supervision agreement. The ODC requested that Mr. Sigwart's license to practice law be immediately suspended until such time that he fully complies with said order and supervision agreement.

## II.

## DISCUSSION

"This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syllabus Point 3, *Committee on Legal Ethics of the West Vir-*

---

1. An ethics complaint was filed against Mr. Sigwart on May 30, 2001, by Ivan Crites, who had hired Mr. Sigwart to represent him following an automobile accident. Mr. Sigwart failed to file suit on behalf of Mr. Crites before the statute of limitations expired. The LDB forwarded the complaint to Mr. Sigwart, but he failed to respond. Eventually, the LDB brought formal charges against Mr. Sigwart. The parties agreed on a recommended disposition of the matter

which was presented to this Court on May 1, 2003.

2. At this time, Mr. Sigwart was employed as an assistant prosecutor by the Office of the Prosecuting Attorney of Marion County.

3. Ms. Riffle is the Prosecuting Attorney of Marion County.

*ginia State Bar v. Blair,* 174 W.Va. 494, 327 S.E.2d 671 (1984). Moreover, "[t]his Court possesses the power to punish a party for contempt of an order executed by this Court." Syllabus Point 4, *State ex rel. Walker v. Giardina,* 170 W.Va. 483, 294 S.E.2d 900 (1982). It is well-established that "[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction." Syllabus Point 1, *United Mine Workers of America v. Faerber,* 179 W.Va. 73, 365 S.E.2d 353 (1986). In this instance,

> [w]here the purpose to be served by imposing a sanction for contempt is to compel compliance with a court order by the contemner so as to benefit the party bringing the contempt action by enforcing, protecting, or assuring the right of that party under the order, the contempt is civil.

Syllabus Point 2, *State ex rel. Robinson v. Michael,* 166 W.Va. 660, 276 S.E.2d 812 (1981).

On several previous occasions, we have held attorneys in contempt for failure to obey a supervision plan ordered by this Court. For instance, in *Committee on Legal Ethics of the West Virginia State Bar v. Charonis,* 186 W.Va. 59, 410 S.E.2d 418 (1991), this Court suspended an attorney's law license for one year after he failed to provide weekly status reports to his supervising attorney as required by his supervised practice plan.

Similarly, in *Committee on Legal Ethics of the West Virginia State Bar v. Farber,* 191 W.Va. 667, 447 S.E.2d 602 (1994), this Court ordered that an attorney's license be suspended until such time as he entered into a new supervision arrangement and reimbursement agreement. In that case, the evidence showed that the attorney had consistently failed to comply with the terms of his reinstatement agreement including not meeting with his supervisor or paying the costs of the proceedings.

Also, in *Office of Lawyer Disciplinary Counsel v. Cunningham,* 200 W.Va. 339, 489 S.E.2d 496 (1997), this Court immediately and indefinitely suspended the law license of an attorney after he failed to attend scheduled meetings with his supervising attorney as required under a supervision plan ordered by this Court. This Court did provide that the attorney could petition for reinstatement of his law license after one year.

In the instant proceeding, the evidence clearly establishes that Mr. Sigwart failed to comply with this Court's June 25, 2003 order and the accompanying supervision agreement. In particular, he did not undergo court-ordered counseling and stopped attending meetings with his supervisor. In addition, he failed to respond to numerous letters and phone calls from the ODC. Also, the evidence indicates that Mr. Sigwart was not diligent in handling a matter entrusted to him resulting in dismissal of a complaint and a failure on his part to refile before expiration of the statute of limitations. We, therefore, find that Mr. Sigwart is in contempt of this Court's June 25, 2003 order and the accompanying supervision agreement.

It is apparent to us that Mr. Sigwart has not taken his supervision agreement seriously and has chosen to ignore certain duties imposed upon him by order of this Court. "This Court views compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities[.]" *Farber,* 191 W.Va. at 669, 447 S.E.2d at 604. Accordingly, based on all the above, we believe the appropriate sanction is to immediately suspend Mr. Sigwart's law license until such time that he complies with this Court's June 25, 2003 order and the accompanying supervision agreement.

## III.

### CONCLUSION

For the reasons stated above, the law license of James F. Sigwart, II, is suspended until such time that he is in full compliance with this Court's June 25, 2003 order and the accompanying supervision agreement.

The Clerk of this Court is hereby directed to issue the mandate in this case forthwith.

. Suspension.