687 S.E.2d 580

**STATE of West Virginia ex rel. OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

**v.**

**David A. BARNABEI, a Member of the West Virginia State Bar, Respondent.**

**No. 34707.**

Supreme Court of Appeals of West Virginia.

Submitted April 8, 2009.

Decided Nov. 25, 2009.

David A. Barnabei, Weirton, WV, Pro Se.

Rachael L. Fletcher Cipoletti, Esq., Office of Disciplinary Counsel, Charleston, WV, for Petitioner.

PER CURIAM:

This matter was presented pursuant to a rule to show cause issued by this Court on January 22, 2009, against Respondent David A. Barnabei, a member of the West Virginia State Bar, upon a petition filed by the Office of Disciplinary Counsel ("ODC"). The rule directed Respondent to show cause why he should not be held in contempt of a previous order entered by this Court in a lawyer disciplinary matter. In that order, entered September 25, 2008, this Court directed that: (1) the respondent be reprimanded for his conduct; (2) respondent's practice be supervised for a period of one year by an attorney agreed upon between the [ODC] and respondent. This attorney shall be currently active, in good standing with the West Virginia State Bar, in close geographical proximity and have a substantial criminal practice. The goal of the supervised practice will be to improve the quality and effectiveness of respondent's law practice to the extent that respondent's sanctioned behavior is not likely to recur; (3) based upon the totality of the circum-stances, to attempt to address the specific concerns about respondent's continued refusals to respond to lawful known requests for information from the [ODC], respondent shall undergo a psychological evaluation with a licensed psychologist. Respondent must follow the recommended treatment plan, if any, and provide written reports of compliance to the [ODC]; (4) respondent shall complete six hours of Continuing Legal Education during the 2006–2008 reporting period, in addition to what he is otherwise required to complete to maintain his active license to practice, three hours in the area of ethics and three hours in criminal law; and (5) the respondent shall be ordered to reimburse the Lawyer Disciplinary Board the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure.

Despite completion of some of this Court's directives, we find Respondent to have failed to fully perform those actions directed by us in our September 25, 2008, order. Therefore, for the reasons discussed below, we find Respondent to be in contempt of this Court's September 25, 2008, order, and, accordingly, order that Respondent's license to practice law in this State be immediately suspended until such time that Respondent is in full compliance with this Court's order.

I.

**PROCEDURAL BACKGROUND**

After this Court entered its September 25, 2008, order, described above, on or about October 27, 2008, the ODC sent Respondent a letter requesting the production of information and certain documents for the purpose of Respondent's compliance with the September 25, 2008, order.

After receiving no response from Respondent, on or about November 20, 2008, the ODC mailed another letter to Respondent enclosing the October 27, 2008, letter with attachments and requesting that Respondent respond by December 1, 2008. The ODC advised Respondent that the failure to respond to the ODC's letter would result in the

ODC's filing a petition for a rule to show cause with this Court.

After receiving no response from Respondent, the ODC filed a petition for a rule to show cause with this Court on December 5, 2008, in which it requested that Respondent's license to practice law be immediately suspended until such time that Respondent is in full compliance with this Court's September 25, 2008, order.[1] Respondent failed to file a responsive pleading to the ODC's petition for a rule to show cause.

By order dated January 22, 2009, this Court issued a rule to show cause directed against Respondent returnable before this Court on April 8, 2009, commanding and directing Respondent to show cause, if any he can, why he should not be held in contempt of this Court, as prayed for by the ODC in its petition.[2] Respondent failed to show cause why he should not be held in contempt of this Court's September 25, 2008, order.

## II.

### STANDARD FOR IMPOSITION OF DISCIPLINE

■ This Court previously has held that "[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction." Syllabus Point 1, *United Mine Workers of Amer. v. Faerber*, 179 W.Va. 73, 365 S.E.2d 353 (1986). Further, "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syllabus Point 3, *Committee on Legal Ethics v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984). These are the standards this Court will apply to decide the instant case.

1. The ODC indicates in its petition to show cause that on or about October 28, 2008, the ODC received a complaint against Respondent. Thereafter, the ODC mailed Respondent a letter directing him to file a response to the complaint within 20 days. The ODC further states that upon receiving no response, it mailed Respondent a certified letter directing him to file a response to the complaint on or before December 15, 2008, or that a subpoena *duces tecum*

## III.

### DISCUSSION

■ The ODC, in its petition for a rule to show cause, indicates that following this Court's September 25, 2008, order with regard to Respondent, the ODC attempted to contact Respondent by mail on two separate occasions requesting the production of information and certain documents for compliance with this Court's order. Subsequently, Respondent failed to respond to both the ODC's petition for a rule to show cause and this Court's January 22, 2009, order granting the rule to show cause.

■ It is clear that Respondent failed to fully comply with this Court's September 25, 2008, order and should be held in contempt thereof. "This Court views compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities[.]" *Committee on Legal Ethics v. Farber*, 191 W.Va. 667, 669, 447 S.E.2d 602, 604 (1994). Accordingly, this Court is authorized "to punish a party for contempt of an order executed by this Court." Syllabus Point 4, in part, *State ex rel. Walker v. Giardina*, 170 W.Va. 483, 294 S.E.2d 900 (1982). Moreover, "[i]n deciding on the appropriate disciplinary actions for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession." Syllabus Point 3, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987). The ODC requests that Respondent's license to practice law be immediately suspended until such time that

would be issued for his appearance at the ODC for a sworn statement.

2. Based upon representations of the ODC, Respondent has completed, among other things, his continuing legal education, supervision and a psychological examination. He has not followed up on a treatment plan nor has he paid the costs of his disciplinary proceedings or entered into a repayment plan.

Respondent is in full compliance with this Court's order. We deem this sanction to be appropriate to punish Respondent, to serve as an effective deterrent to other members of the Bar, and to be effective in restoring public confidence in the ethical standards of the legal profession.

Therefore, based upon the foregoing, we find that Respondent failed to promptly and fully obey this Court's September 25, 2008, order, and, accordingly, contempt is a proper sanction. We further find it appropriate to suspend Respondent's license to practice law until such time that he is in full compliance with this Court's September 25, 2008, order.

### IV.

### CONCLUSION

For the reasons stated above, we find Respondent to be in contempt of the September 25, 2008, order of this Court, and we order that Respondent's license to practice law in the State of West Virginia be suspended until such time that Respondent is in full compliance with this Court's September 25, 2008, order.

License Suspended.