## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John C.,**
**Petitioner Below, Petitioner**

**vs) No. 14-0124** (Ohio County 07-C-526)

**Karen Pszczolkowski, Warden,**
**Respondent Below, Respondent**

**FILED**

January 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John C., by counsel Mark D. Panepinto, appeals the Circuit Court of Ohio County's January 14, 2014, order denying his petition for writ of habeas corpus.[1] Respondent Karen Pszczolkowski, Warden, by counsel Christopher C. Dodrill, filed a response.[2] On appeal, petitioner alleges that the circuit court erred in denying him habeas relief on the ground of ineffective assistance of counsel due to counsel's alleged failure to communicate a plea offer.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in November of 2005, petitioner was convicted of five counts of child abuse resulting in serious bodily injury and was sentenced to a total indeterminate term of incarceration of ten to fifty years. Petitioner thereafter filed a direct appeal with this Court, which was refused by order entered on September 13, 2007. Thereafter, petitioner filed a petition for writ of habeas corpus, and the circuit court appointed counsel, who filed an amended petition for writ of habeas corpus in May of 2008. Among other things, petitioner alleged that trial counsel was ineffective for allegedly failing to communicate a plea offer from the State.[3]

---

[1]In keeping with the Court's policy of protecting the identities of minors, the Court will refer to petitioner by his last initial throughout the memorandum decision. See W.Va. R. App. P. 40(e)(1).

[2]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, we have substituted the respondent party's name with Warden Karen Pszczolkowski because petitioner is currently incarcerated at the Northern Correctional Facility.

[3]Petitioner raised several other issues in his amended petition for writ of habeas corpus below, all of which were denied. However, on appeal, petitioner alleges error only in the . . .

1

In April of 2013, the circuit court held an omnibus evidentiary hearing. According to petitioner, he was unable to secure trial counsel's testimony at the omnibus hearing. During the hearing, the State acknowledged that a verbal plea offer was made to petitioner's trial counsel, though the State went on to explain that no plea was offered pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).[4] Petitioner testified that counsel never communicated this offer to him and that, despite his innocence; he would have accepted a plea deal that exposed him to less potential incarceration. Following the hearing, the circuit court entered an order denying the petition for writ of habeas corpus. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's claim of ineffective assistance of counsel. We have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). In the habeas proceedings below, petitioner was denied relief because he failed to establish that counsel did not convey the State's verbal plea offer and, that even if the plea offer had been communicated, petitioner could not show that he would have accepted the plea. At the evidentiary hearing, the only evidence petitioner submitted regarding the alleged failure to communicate the offer was his own testimony. While petitioner argues that he could not have presented any other evidence

---

. . . circuit court's denial of relief in regard to the narrow issue of ineffective assistance based upon petitioner's allegation that his trial counsel failed to communicate the State's plea offer. As such, this memorandum decision addresses only that issue.

[4]*Kennedy* allows a circuit court to accept a guilty plea despite the defendant's claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, in part, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

because of his trial counsel's unavailability, this fact does not absolve petitioner of satisfying his burden of proof for habeas relief.

In discussing claims of ineffective assistance of counsel, we have held that "'[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010). As noted above, petitioner provided no evidence to corroborate his own testimony that his trial counsel failed to communicate the State's verbal offer to him prior to trial. In fact, petitioner's own testimony on this issue was conflicting, as he testified that following trial, trial counsel showed him a plea offer that had been reduced to writing. Petitioner testified that trial counsel then told him that he believed he had shown petitioner the same prior to trial.

As such, the circuit court did not find petitioner's testimony reliable and declined to grant him relief based solely on the same.[5] We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). For these reasons, we find that petitioner failed to satisfy his burden of proof in regard to his claim of ineffective assistance of counsel.

Moreover, petitioner was unable to satisfy the second prong of the *Strickland* standard in that he could not show that, but for counsel's allegedly ineffective performance, the outcome below would have been different. While petitioner argues that his testimony at the omnibus hearing established that he would have accepted the verbal plea offer so as to limit his exposure to a longer possible sentence, the record shows that this was unlikely. Throughout the criminal proceedings, petitioner maintained his innocence, having testified that he only confessed to the crimes to avoid jail time. He additionally told his trial counsel that he was "not guilty of anything [he was] accused of," and that he "never hurt [his] children."

During the omnibus hearing, the State presented evidence that it was unwilling to offer a plea agreement pursuant to *Kennedy* because of the "horrific circumstances" surrounding petitioner's crime and the associated abuse and neglect proceedings. According to testimony, petitioner never accepted responsibility for "severely mutilat[ing]" the child and continued to deny causing the injuries. As such, the circuit court found that petitioner would not have accepted the State's plea offer because he believed he was innocent. On appeal, we find no error in this conclusion, as petitioner failed to present compelling evidence that he would have accepted a plea offer. As such, petitioner could not establish that, but for his trial counsel's

---

[5]Petitioner also argued below, and argues on appeal, that trial counsel's subsequent discipline by the State Bar for failure to communicate with clients supports his petition for writ of habeas corpus. However, the Court finds no merit to this argument because counsel's subsequent discipline was not predicated upon any alleged failure to communicate a plea offer nor did that disciplinary matter establish that counsel failed to communicate the specific plea offer to petitioner in his criminal matter. Counsel's law license was eventually suspended pursuant to this Court's order. *State ex rel. Office of Disciplinary Counsel v. Barnabei*, 224 W.Va. 642, 687 S.E.2d 580 (2009).

alleged failure to communicate the plea offer to him, the outcome in the criminal proceeding would have been different.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II