650 S.E.2d 158

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Michael F. NIGGEMYER, A Member of the West Virginia State Bar, Respondent.**

**No. 33098.**

Supreme Court of Appeals of West Virginia.

Submitted: March 14, 2007.

Decided: March 20, 2007.

was that night over this event that happened to her son."

Rachael L. Fletcher Cipoletti, Lawyer Disciplinary Counsel, Office of Disciplinary Counsel, Charleston, for the Petitioner.

Michael F. Niggemyer, Whitehall, Pro Se.

PER CURIAM.

The petitioner herein, the Office of Disciplinary Counsel (hereinafter "the ODC"), requests this Court to find the respondent herein, attorney Michael F. Niggemyer (hereinafter "Mr. Niggemyer"), in contempt of this Court based on his failure to comply with this Court's prior orders entered May 11, 2005, and November 29, 2006, and to immediately suspend his license to practice law as a result of such noncompliance. Upon a review of the parties' arguments, the record presented for our consideration, and the pertinent authorities, we agree with the recommendations of the ODC. Accordingly, we hold Mr. Niggemyer in contempt of this Court for his failure to comply with our prior orders; we immediately suspend his license to practice law in this State; and we impose other sanctions warranted by the facts of this case.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant proceeding began in 2004 when the Investigative Panel of the Lawyer Disciplinary Board charged Mr. Niggemyer with mishandling client funds.[1] As a result of this misconduct,

---

1. Although formal charges were not brought against Mr. Niggemyer until 2004, the conduct which formed the basis of these charges resulted from his representation of a client in 2000 and her ethics complaint against him in 2001. In summary, Mr. Niggemyer was charged with failing to pay a client's medical providers as agreed; failing to respond to the client's questions regarding payment of her medical bills; advising the client that her medical bills had, in fact, been

the Hearing Panel Subcommittee of the Lawyer Disciplinary Board recommended to this Court that Mr. Niggemyer be disciplined for his actions. On May 11, 2005, this Court "adopt[ed] the stipulated written recommended disposition of the Hearing Panel Subcommittee of the Lawyer Disciplinary Board" and

> ordered that: (1) the respondent [Mr. Niggemyer] be, and he hereby is, reprimanded; (2) the respondent is ordered to complete an additional twelve hours of continuing legal education in the area of legal ethics and office management during the next report period; (3) the respondent shall provide on a quarterly basis, statements to the Office of Disciplinary Counsel for a period of two years for all receipts on his behalf for any clients and an explanation of how the disbursements or the handling of these clients['] funds were conducted during this time period; (4) the respondent shall for a period of two years, provide to the Office of Disciplinary Counsel, an annual accounting performed by an outside certified public accountant of all client funds received and disbursed for this time period; and (5) pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure, respondent shall pay the costs of this disciplinary proceeding.

Thereafter, Mr. Niggemyer failed to comply with the provisions of this order despite the ODC's repeated requests that he do so. By letter dated February 27, 2006, counsel for the ODC reminded Mr. Niggemyer of the actions this Court had directed him to take, including completing additional ethics and law office management continuing legal education credits; providing quarterly reports to the ODC regarding his receipts and disbursements of clients' monies; obtaining an annual accounting of his clients' receipts and disbursements; and reimbursing the ODC

for the costs of his 2005 disciplinary proceeding in the amount of $1,723.49.

On March 7, 2006, the ODC again contacted Mr. Niggemyer regarding his noncompliance with this Court's May 11, 2005, order. Mr. Niggemyer indicated that he would submit proof of his compliance within days of that telephone conversation, and he "agree[d] to set up a payment plan to pay the costs in the amount of $1,723.49" in the amount of $50.00 per month, starting March 15, 2006. As of May 11, 2006, however, Mr. Niggemyer still had not attempted to comply with this Court's May 11, 2005, order. Consequently, the ODC filed on that date a "Petition for Rule to Show Cause" requesting this Court to hold Mr. Niggemyer in contempt and to immediately suspend his license to practice law until he "is in full compliance with" this Court's May 11, 2005, order.

Upon submission of the case to the Court on October 24, 2006, we issued an order on November 29, 2006. In that order, we found that Mr. Niggemyer had "furnished satisfactory evidence of having completed the twelve hours of continuing legal education in ethics and office management" and tendered a money order to the ODC in the amount of $500.00 in partial payment of the costs of the 2005 disciplinary proceeding. However, we determined that he had "failed to timely respond to the order of this Court requiring quarterly reports of receipts and disbursements and annual accountings by a certified public accountant, each to be furnished to the ODC."

> Accordingly, [we] ... ordered that the respondent [Mr. Niggemyer] shall forthwith employ a certified public accountant to perform the services hereinafter specified and give written notice of such employment to the ODC within sixty days of the entry of this order.[2]

---

paid when they had not been, which resulted in said unpaid bills being turned over to a collection agency; failing to establish a separate client trust account; commingling his personal money with that of his client; and misappropriating his client's funds for his personal use.

2. Specifically, we directed that

> [t]he certified public accountant shall audit the office accounting records of the respondent

for two periods of one year each, the first commencing May 1, 2005, and ending April 30, 2006, and the second commencing May 1, 2006, and ending April 30, 2007.

> The report of the audit shall set forth the source of all receipts by the respondent in the practice of law during the respective periods by the name of the client, the date of receipt and date of deposit, if any, to either the office operating account or the office trust account.

. . . .

The certified public accountant shall furnish a copy of the report of the audit for the period ending April 30, 2006, to the respondent and to the ODC within sixty days after the date of the accountant's employment by the respondent, and a copy of the report of the audit for the period ending April 30, 2007, within sixty days of the expiration of that period, compliance with which shall be a term and condition of the employment of the certified public accountant.

It is further ordered that the respondent shall deliver to the ODC on or before February 15, 2007, an itemized account of all receipts from clients for the three-month period immediately preceding January 31, 2007, and, on or before May 1, 2007, an itemized account of all receipts from clients for the three-month period immediately preceding April 30, 2007.[3]

. . . .

It is further ordered that, pursuant to Rule 3.15, Rules of Lawyer Disciplinary Procedure, the respondent shall pay in full all costs of both of the disciplinary proceedings to the ODC within sixty days from the entry of this order.

The order of this Court in this matter essentially constitutes an extension of the time frame initially contemplated in our May 11, 2005, order. The Court grants this extension to the respondent as a matter of grace and strongly cautions the respondent against further noncompliance or untimely compliance with orders of this Court or unresponsiveness to attempts of the ODC to compel compliance. If the respondent fails to timely comply with any provision of this order, the ODC is authorized to promptly apply to this Court for a citation of contempt and such other relief as may be deemed necessary.

(Footnotes added).

Once again, however, Mr. Niggemyer failed to make any effort to comply with this Court's order. Therefore, on February 16, 2007, the ODC filed a "Petition for a Rule to Show Cause as to Why Respondent Should Not Be Held in Contempt" again requesting that Mr. Niggemyer "be found in contempt of this ... Court's Order and that his license to practice law be immediately suspended." In support of its petition, the ODC cited Mr. Niggemyer's utter disregard of the Court's November 29, 2006, order and his continued failure to take any steps to comply therewith. More specifically, Mr. Niggemyer has not employed a certified public accountant to review his receipt and disbursement of clients' funds and to issue a report thereon; he has not provided the ODC with " 'an itemized account of all receipts from clients for the three month period immediately preceding January 31, 2007' "; and he has failed to make any further payments as restitution for the costs incurred[4] in his disciplinary pro-

---

As to any funds deposited to the respondent's office operating account or otherwise paid over to the respondent, whether drawn from the respondent's trust account or not, the report of the certified public accountant shall state whether there is supporting evidence available to establish the propriety of the payment of such funds to the respondent (a) for legitimate legal expenses incurred by the respondent on behalf of the client, or (b) as earned fees properly due the respondent under the terms of the respondent's employment by the client, or (c) for neither such purpose, such transfer not being justified by any available evidence.

3. In this regard,

[t]he itemized accounts for the periods ending January 31, 2007, and April 30, 2007, shall set forth the name of each client from whom or for whom any funds were received, the account (either office operating account or trust account), if any, into which such funds were deposited, and the date received, date deposited and amount of each separate receipt of such funds. As to funds deposited in the respondent's trust account, the report shall also show the date and amount of any withdrawal of such funds, the purpose of such withdrawal and the person to whom or firm to which such funds were paid. As to funds not deposited in the respondent's trust account, the report shall set forth the name of each client from or for whom the funds were received, the date of receipt and the date of deposit to the respondent's operating account, if any, and the purpose for which the funds were received.

4. Deducting his $500.00 payment tendered on October 24, 2006, the outstanding balance for the cost of his first disciplinary proceeding which culminated in this Court's May 11, 2005, order, is $1,223.49. The ODC has not disclosed the amount of costs incurred in the subsequent contempt proceedings, which were instituted on May

ceedings.[5]

On February 28, 2007, this Court issued a rule to show cause why Mr. Niggemyer should not be held in contempt. Prior to oral arguments before this Court on March 14, 2007, Mr. Niggemyer tendered by facsimile to the ODC and this Court a letter explaining his office finances as well as assorted documents reflecting the same, including billing statements, time sheets, and other information. The ODC stated that these documents may comply with this Court's orders directing Mr. Niggemyer to provide an itemized account of his client receipts and disbursements to the ODC but that, without the required audit of Mr. Niggemyer's financial records by a certified public accountant, the ODC could not state with certainty whether Mr. Niggemyer had, in fact, fully complied with that portion of this Court's orders. Mr. Niggemyer responded that he had been attempting to comply with this Court's orders by hiring an accountant and conceded that he had not fully complied therewith.

Following arguments of the parties and consideration by this Court, we issued an order on March 14, 2007,

> find[ing] that the Respondent, Michael F. Niggemyer, has failed to comply with the November 29, 2006, Order of this Court and . . . hold[ing] the Respondent, Michael F. Niggemyer, in contempt of this Court's

order and immediately suspend[ing] his license to practice law in the State of West Virginia for his failure to comply with said Order. It is, therefore, ordered that the Respondent's license to practice law in the State of West Virginia be, and it hereby is, suspended, forthwith until further opinion and order of this Court.

We further "ordered that the Honorable Fred L. Fox, II, Chief Judge of the Sixteenth Judicial Circuit Court of Marion County be, and he hereby is, authorized to appoint an attorney to serve as trustee to protect the interests of respondent's clients." Finally, we reiterated that "[t]he Court's prior orders shall remain in full force and effect, and the Respondent is expected to fully comply therewith." This opinion follows.

## II.

## STANDARD FOR IMPOSITION OF DISCIPLINE

■ We are faced in this case with a serious matter requiring us to exercise our authority to impose discipline upon the Respondent attorney for his failure to comply with two prior orders of this Court. It is well recognized that "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attor-

---

11, 2006, and the instant proceedings commenced on February 16, 2007.

5. In its February 16, 2007, petition, the ODC cited additional instances of misconduct of which it became aware after the Court issued its November 29, 2006, order, and to which Mr. Niggemyer has failed to reply:

> On or about December 5, 2006, Complainant Randall T. Renaldo (I.D. No. 06–03–614) filed a complaint alleging a failure to communicate with Respondent [Mr. Niggemyer] in a domestic matter. By letter dated December 6, 2006, the Office of Disciplinary Counsel sent Respondent a copy of the complaint and requested that he file a verified response within twenty (20) days. Respondent did not respond.
> On or about January 22, 2007, Disciplinary Counsel sent Respondent a letter by certified mail indicating that unless he responded to the complaint within ten days, the Office may issue a subpoena causing him to appear for a sworn statement. The return receipt was received by ODC postmarked January 25, 2007, and indi-

cated that Respondent signed for this certified letter. To date, Respondent has not filed a verified response to this complaint.
> On or about December 13, 2006, Complainant Louis Henderson (I.D. No. 06–03–634) filed a complaint against Respondent alleging that despite paying a retainer fee that Respondent had failed to communicate with him and had failed to diligently pursue a modification for child support on his behalf. By letter dated December 14, 2006, the Office of Disciplinary Counsel sent Respondent a copy of the complaint and requested that he file a verified response within twenty (20) days. Respondent did not respond.
> On or about January 22, 2007, Disciplinary Counsel sent Respondent a letter by certified mail indicating that unless he responded to the complaint within ten days, the Office may issue a subpoena causing him to appear for a sworn statement. The return receipt was received by .ODC postmarked January 25, 2007, and indicated that Respondent signed for this certified letter. To date, Respondent has not filed a verified response to this complaint.

neys' licenses to practice law." Syl. pt. 3, *Committee on Legal Ethics of the West Virginia State Bar v. Blair,* 174 W.Va. 494, 327 S.E.2d 671 (1984). Therefore, it being within the province of this Court to determine the discipline warranted by Mr. Niggemyer's misconduct in this case, we proceed to consider what sanctions would be most appropriate.

## III.

### DISCUSSION

■ The sole issue to be decided in this case is the nature of discipline that should be imposed upon Mr. Niggemyer for his blatant disregard of this Court's two prior orders directing him, among other mandates, to provide specific documentation to the ODC to ensure that the interests of his clients have been protected. We originally determined, by order entered May 11, 2005, that Mr. Niggemyer should receive only a reprimand for his mishandling of clients' funds and that, in order to deter such misconduct in the future, he be required to (1) complete an additional twelve hours of continuing legal education credits in the areas of ethics and law office management; (2) provide quarterly statements to the ODC, for a period of two years, detailing his handling of client funds; (3) hire a certified public accountant to conduct an audit of his law firm's financial records regarding his receipt and disbursement of client funds; and (4) reimburse the ODC the costs incurred as a result of the disciplinary proceeding.

With respect to the directives of this order, however, Mr. Niggemyer's compliance was marginal and very tardy. He complied fully only with the requirement that he complete additional continuing legal education credits in the fields of ethics and law office management. He did not provide documentation that he had done so, though, until this Court heard oral arguments, on October 24, 2006, upon the ODC's request that Mr. Niggemyer be held in contempt for his failure to comply with said order. Mr. Niggemyer also tendered partial payment to the ODC for the costs of the disciplinary proceeding, but, again, not until the date upon which this case was submitted to the Court and in an amount

that reimbursed the ODC for only approximately one-third of the total cost of such proceeding.

As a matter of extreme grace and benevolence, this Court gave Mr. Niggemyer a second chance and, by order entered November 29, 2006, we reiterated our prior directives requiring Mr. Niggemyer to submit quarterly reports of his client funds; hire a certified public accountant to conduct an audit thereof; and reimburse the ODC for the remaining cost of the disciplinary proceedings, including the costs incurred in conjunction with the original disciplinary proceeding brought in 2005 and those attributable to the instant proceeding based upon Mr. Niggemyer's failure to comply with the Court's May 11, 2005, order. In a further attempt to assist Mr. Niggemyer, we provided explicit instructions as to the nature of information we expected to be included within the audit and quarterly reports and the time frames within which such reports should be submitted to the ODC. We further cautioned Mr. Niggemyer that

> [t]he order of this Court in this matter essentially constitutes an extension of the time frame initially contemplated in our May 11, 2005, order. The Court grants this extension to the respondent [Mr. Niggemyer] as a matter of grace and strongly cautions the respondent against further non-compliance or untimely compliance with orders of this Court or unresponsiveness to attempts of the ODC to compel compliance. . . .

Yet again, however, Mr. Niggemyer blatantly disregarded this Court's order and refused to cooperate with the ODC's efforts to compel his compliance. That is until the wee morning hours of the day on which this Court was scheduled to hear arguments in the instant matter when Mr. Niggemyer submitted, by facsimile, partial documentation in an apparent attempt to comply with the quarterly report requirement.

■ Although we have been quite lenient with Mr. Niggemyer for his past transgressions, we simply cannot allow such flagrant disregard of and utter lack of respect for this Court's orders to continue or to go

unnoticed. "This Court views compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities[.]" *Committee on Legal Ethics of the West Virginia State Bar v. Farber,* 191 W.Va. 667, 669, 447 S.E.2d 602, 604 (1994) (per curiam). Thus, "[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction." Syl. pt. 1, *United Mine Workers of America v. Faerber,* 179 W.Va. 73, 365 S.E.2d 353 (1986). Furthermore, "[t]his Court possesses the power to punish a party for contempt of an order executed by this Court." Syl. pt. 4, *State ex rel. Walker v. Giardina,* 170 W.Va. 483, 294 S.E.2d 900 (1982).

■ A lawyer's failure to comply with an order of this Court is a serious breach of his/her professional responsibility. Mr. Niggemyer has not once, but twice, blatantly disregarded this Court's admonitions. While we appreciate Mr. Niggemyer's apparent attempts to comply with our orders by tendering documentary evidence on the day of the case's submission, such efforts have been half-hearted, untimely, and suggest desperate attempts to mitigate the damage that has already been done by his noncompliance. Accordingly, we are left with no other choice but to hold Mr. Niggemyer in contempt of this Court for his failure to comply with this Court's orders of May 11, 2005, and November 29, 2006, and we immediately and indefinitely suspend Mr. Niggemyer's license to practice law in this State until such time as he has demonstrated full compliance with said orders and our opinion herein. Such discipline is necessary not only to punish Mr. Niggemyer for his misconduct but also to deter other lawyers from engaging in similar behavior. *See* Syl. pt. 3, *Committee on Legal Ethics of the West Virginia State Bar v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987) ("In deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is ade-quate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.").

■ In imposing this discipline upon Mr. Niggemyer, we emphasize that he is expected to fully comply with all of the requirements contained in our two prior orders. Where necessary to be consistent with the terms of this opinion, we have modified the time frames within which Mr. Niggemyer is expected to complete each requirement; however, it should be noted that, on the whole, the time frames originally set forth in our order of November 29, 2006, remain in full force and effect. Therefore, as we have directed in our orders of May 11, 2005, and November 29, 2006, Mr. Niggemyer is required to (1) employ a certified public accountant to conduct an audit of Mr. Niggemyer's office accounting records for the time periods set forth in our order of November 29, 2006; (2) provide to the ODC written notice of the employment of a certified public accountant within sixty days of the filing of this opinion; (3) furnish to the ODC, by the certified public accountant, a copy of the accountant's report of his/her audit of Mr. Niggemyer's records for the one-year period ending April 30, 2006, within sixty days after the accountant's employment by Mr. Niggemyer; (4) furnish to the ODC, by the certified public accountant, a copy of the accountant's report of his/her audit of Mr. Niggemyer's records for the one-year period ending April 30, 2007, within sixty days of the expiration of that period; (5) submit to the ODC on or before March 30, 2007, an itemized account of all receipts from clients for the three-month period immediately preceding January 31, 2007; (6) submit to the ODC on or before May 1, 2007, an itemized account of all receipts from clients for the three-month period immediately preceding April 30, 2007; and (7) pursuant to Rule 3.15 of the West Virginia Rules of Lawyer Disciplinary Procedure,[6] pay to the ODC the full costs of all disciplinary proceedings had

---

6. West Virginia Rule of Lawyer Disciplinary Procedure 3.15 provides that "[w]hen a sanction is imposed ... the Court may order the lawyer to reimburse the Lawyer Disciplinary Board for the costs of the proceeding. Willful failure to reimburse the Board may be punished as contempt of the Court."

in this matter, including those originating with the May 11, 2005, order; those culminating with the November 29, 2006, order; and those arising from the instant proceedings herein, said payment to be made to the ODC within sixty days of the filing of this opinion.[7]

## IV.

## CONCLUSION

For the foregoing reasons, we hereby impose the following sanctions upon Mr. Michael F. Niggemyer: (1) Mr. Michael F. Niggemyer is hereby held in contempt of this Court for his failure to comply with this Court's prior orders entered May 11, 2005, and November 29, 2006; and (2) the law license of Mr. Michael F. Niggemyer to practice law in the State of West Virginia is immediately and indefinitely suspended until such time as he can demonstrate full compliance with this Court's orders of May 11, 2005, and November 29, 2006, and this Court's opinion herein, including the employment of a certified public accountant; the provision to the ODC of the certified public accountant's audit reports; the submission to the ODC of quarterly reports; and the reimbursement of the full cost of all disciplinary proceedings held with regard to Mr. Niggemyer's misconduct, the specific requirements of which are detailed more fully in this Court's prior orders and the instant opinion. The mandate of this Court shall issue contemporaneously herewith.

License Suspended and Other Sanctions Imposed.

---

7. Insofar as a full adjudicatory record has not yet been made with regard to the new allegations of misconduct presented by the ODC in its February 16, 2007, petition to this Court, we find that such allegations are not yet ripe for our consideration. *See generally* W. Va. R. Lawyer Disciplinary P. 2, *et seq.* (setting forth procedure for evaluating, investigating, and reviewing complaints regarding attorneys; filing of formal charges; and issuing advisory opinions). *See also* W. Va. R. Lawyer Disciplinary P. 3, *et seq.* (explaining role of Hearing Panel of the Lawyer Disciplinary Board in conducting hearing on formal charges and recommending disposition). For the text of these new allegations of wrongdoing, see note 5, *supra.*