654 S.E.2d 110

**Heather C. WASHINGTON, Petitioner Below, Appellee**

v.

**Charles D. WASHINGTON, Respondent Below, Appellant.**

No. 32980.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2007.

Decided Oct. 26, 2007.

Pamela R. Folickman, Esq., Holly Turkett, Esq., Law Offices of Pamela R. Folickman, PLLC, Fairmont, for Appellee.

Michael F. Niggemyer, Esq., White Hall, for Appellant.

PER CURIAM:

The appellant, Charles D. Washington, husband of appellee, Heather C. Washington, appeals the Circuit Court of Harrison County's March 17, 2005, dismissal of his Petition for Appeal as untimely filed and asks this Court to remand with directions to correct the record and deem his appeal timely filed. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error and accordingly, affirm the decision below.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The appellant, Charles D. Washington, and the appellee, Heather C. Washington, were married on October 22, 1994, in Harrison County, West Virginia, where they maintained their marital home. The Washingtons have two minor children. They also owned and operated several small businesses in Harrison County, including a bail bonding agency, a car detailing shop, and residential rental properties.

On May 22, 2003, Ms. Washington filed a complaint with the Family Court of Harrison County to initiate divorce proceedings. At the time of this filing, an active domestic violence protective order (DVPO) was in effect against Mr. Washington. The family court consolidated the DVPO case (03–DV–269) into the divorce proceedings.

In the family court, Ms. Washington was represented by counsel while Mr. Washington elected to appear *pro se*. Mr. Washington did not file an answer to the complaint, often missed court-imposed deadlines, and failed to respond to any discovery requests. Mr. Washington did, however, submit to the family court a proposal for the equitable division of marital assets and a parent education certificate.

On September 16, 2004, the family court held a hearing on all issues before the court. After considering the evidence, the family court judge issued an October 4, 2004, letter to both parties which included his findings of fact and conclusions of law on the issues of alimony, a permanent domestic relations protective order, distribution of the marital assets, child custody and support, sanctions against Mr. Washington for contempt for refusal to answer discovery requests, and a partial award of Ms. Washington's attorney's fees. The letter directed Ms. Washington's attorney to draft the final divorce decree. Both parties received the October 4, 2004, letter, however, it appears that the letter was not filed in the official court record.

The family court judge entered the Final Divorce Order on December 6, 2004, incorporating by reference the October 4, 2004, letter. On January 3, 2005, just two days prior to the lapse of the thirty-day appeal period, Mr. Washington retained Mr. Michael F. Niggemyer, Esq., to represent him in appealing the Final Divorce Order to the Circuit Court of Harrison County. On January 4, 2005, Mr. Niggemyer found that the October 4, 2004, letter had not been filed in the court record and promptly notified opposing counsel. On January 5, 2005, the October 4, 2004, letter was then filed in the court record. On

January 6, 2005, Mr. Niggemyer filed an appeal on Mr. Washington's behalf with the circuit court.

The circuit court initially granted Mr. Washington's appeal and set a hearing for February 15, 2005. At this hearing, the circuit judge raised *sua sponte* the issue of the timeliness of the appeal, as the appeal was filed thirty-one days after the date of entry of the divorce decree, one day after the thirty-day appeal deadline. After the parties addressed the circuit court concerning the timeliness issue and provided follow-up correspondence, the circuit court, by order dated March 17, 2005, dismissed the appeal as untimely. This appeal followed.[1]

## II.

## STANDARD OF REVIEW

■ This Court has held that: "'In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.' Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004)." Syllabus Point 1, *Staton v. Staton*, 218 W.Va. 201, 624 S.E.2d 548 (2005). *See* W.Va.Code § 51–2A–15(b) (2001). *See also*, Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). With these standards in mind, we now consider the issues presented in this case.

## III.

## DISCUSSION

■ Mr. Washington asks this Court to hold that a Final Divorce Order that refer-

ences and adopts documents not otherwise in the official court record constitutes an "incomplete" record and does not ripen the case for appeal. According to Mr. Washington, only when the record is corrected to include the referenced and adopted documents should the record be deemed complete and the case ripe for appeal.

Mr. Washington argues that while no case from this Court is directly on point with regard to his argument, this result may be inferred from existing case law indicating that litigants must create a complete record and that family courts have an independent duty to create a complete record. In support of this argument, Mr. Washington relies upon *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004), wherein this Court stated that "parties have a duty to create a complete record." Mr. Washington also cites *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W.Va. 702, 591 S.E.2d 260 (2003), to support his claim that the family court has an independent duty to ensure the completeness of the record.

Conversely, Ms. Washington argues that Mr. Washington's reliance upon the *Carr* and *John P.W.* cases is misplaced. Ms. Washington contends that in *Carr*, this Court held that the failure of the parties to create a complete record did not constitute reversible error. Moreover, according to Ms. Washington, in *John P. W.*, this Court reversed a domestic violence protective order and directed the family court to state its factual findings sufficiently to facilitate efficient appellate review. Thus, Ms. Washington contends that the *John P.W.* case is completely inapplicable to a divorce decree. Ms. Washington also maintains that the failure to place the October 4, 2004, letter from the family court judge in the official court record did not impair Mr. Washington's ability to file a timely appeal in this case. We agree.

Having thoroughly reviewed the record before us, we believe that one of the most

---

**1.** The petition for this appeal was filed with this Court on August 23, 2005, by Mr. Niggemyer on behalf of Mr. Washington and we granted review on January 26, 2006. This case was originally set for argument on May 22, 2007, but was later continued due to the fact that Mr. Niggemyer was suspended from the practice of law by order of this Court. *See, Office of Disciplinary Counsel v. Niggemyer*, 221 W.Va. 59, 650 S.E.2d 158 (2007). Mr. Niggemyer has since been reinstated.

critical facts to consider throughout our review is that Mr. Washington was in actual possession of a copy of the October 4, 2004, letter during the entire thirty-day appeal period. A copy of the letter was provided to him as soon as it was written and he does not argue that he did not have the letter in his possession during this time period. Another critical fact is that Mr. Washington waited until just two days prior to the lapse of the thirty-day appeal period, on January 3, 2005, to hire Mr. Niggemyer to represent him. On January 6, 2005, Mr. Niggemyer filed an appeal on Mr. Washington's behalf with the circuit court. Unfortunately, however, he failed to comply with West Virginia Rule of Practice and Procedure for Family Court Rule 28(a), which clearly provides that:

> *Time for petition.*—A party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office. If a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration.

While we do recognize that the October 4, 2004, letter should have been placed in the court record at the time it was written and presented to both parties, given the specific facts of this case, we find that any delay in filing the letter in the official court record was a harmless error at best. Harmless error, as described by Rule 61 of the West Virginia Rules of Civil Procedure, contemplates that:

> no error or defect in any ruling ... or in anything done ... by the court ... is ground [sic] for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

█ In this case, there is simply no evidence that Mr. Washington was deprived of access to the information he needed to draft a timely appeal to the circuit court. We believe that he simply missed the thirty-day appeal deadline which is a jurisdictional infirmity in West Virginia. We have explained that: " 'Where the Legislature has prescribed limitations on the right to appeal, such limitations are exclusive, and cannot be enlarged by the court.' *State v. De Spain,* 139 W.Va. 854, [857,] 81 S.E.2d 914, 916 (1954)." Syllabus Point 1, *West Virginia Department of Energy v. Hobet Mining & Construction Co.,* 178 W.Va. 262, 358 S.E.2d 823 (1987).

█ In *Carr, supra,* we were troubled by the poor quality of the record in that case. We discussed our prior holding in *Porter v. Bego,* 200 W.Va. 168, 170 n. 2, 488 S.E.2d 443, 445 n. 2 (1997), where we stated:

> It is the duty of a circuit clerk to maintain the completeness and integrity of items in the court file.... However, we believe it is the duty of the litigants to insure that all of the proper documents find their way into the court file.... [W]e feel the parties must bear the burden of creating a clear, concise record for future review. Otherwise, future courts may issue confusing and conflicting rulings, creating frustration for the parties and leading to more appeals.

We further delineated in *Carr* that "[t]he litigants, particularly in a domestic relations action that is likely to be the subject of future hearings, bear the burden of creating a clear, concise record for future review." 216 W.Va. at 476, 607 S.E.2d at 805.

In the instant case, as previously stated, Mr. Washington had the letter in his possession and we do not believe that its late arrival to the official court record had any impact on his ability to timely file his appeal. Moreover, even if Mr. Washington had not received the October 4, 2004, letter, he still had a burden which he failed to meet as the December 6, 2004, Final Divorce Order of the family court, which was in the record at all times, clearly stated:

> For the purposes of appeal, this order is a final order. Any party aggrieved by this order may appeal either to the Circuit

Court of Harrison County or the West Virginia Supreme Court of Appeals. A petition to appeal to the Circuit Court may be filed by either party within thirty days of the entry date of this order. To appeal to the Supreme Court of Appeals directly, both parties must file within 14 days of the entry date of this order, a joint notice of intent to appeal and a waiver of right to appear to the Circuit Court.

Mr. Washington's counsel did not follow the family court's explicit instructions as outlined in its December 6, 2004, order with regard to filing his appeal. Moreover, he does not explain the necessity for the October 4, 2004, letter to have been physically placed in the record in order for him to have properly filed an appeal to the circuit court in relation to the fact that his client actually had the letter in his possession at all times. We therefore affirm the circuit court's dismissal of Mr. Washington's petition for appeal as untimely filed.

Mr. Washington also argues that Ms. Washington unfairly benefitted from her counsel's neglect with regard to the October 4, 2004, letter not being immediately placed in the official court record. Due to the brevity of Mr. Washington's argument as it pertains to this issue, it is quoted in its entirety as follows:

Essentially, a party, especially one represented by counsel versus a *pro se* litigant, should not be permitted to benefit from one[']s own neglect, oversight[,] or error. This equates to invited error and it has been condemned by this Court. *Roberts v. Consolidation Coal Co.*, 208 W.Va. 218, 539 S.E.2d 478 (2000).

In the instant case, [Ms. Washington] filed an incomplete Order and now could stand to significantly benefit from that order.

In response to Mr. Washington's assertions that this is a case of "invited error" as discussed in *Roberts,* we have found no evidence to show that Ms. Washington's counsel did anything to cause the delay of the filing of the letter. Moreover, as discussed earlier in this opinion, we do not believe that Mr. Washington's right to appeal his case to the circuit court was prejudiced in any way given the specific facts of this case.

■ We further find no merit to Mr. Washington's claim that he was disadvantaged by the fact that he acted *pro se* for the majority of the proceedings in the various legal forums below. We have clearly recognized that "[u]nder West Virginia Constitution Art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied." Syllabus Point 1, *Blair v. Maynard,* 174 W.Va. 247, 324 S.E.2d 391 (1984). We have also advised that "the trial court must 'strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules.'" *Bego v. Bego,* 177 W.Va. 74, 76, 350 S.E.2d 701, 703–704 (1986) (citing *Blair v. Maynard,* 174 W.Va. 247, 252–253, 324 S.E.2d 391, 395–396).

Having reviewed the record in its entirety, we do not believe Mr. Washington's rights were arbitrarily or unreasonably denied. Mr. Washington chose to proceed with this case *pro se* in spite of the family court's urging on numerous occasions that he obtain counsel. His decision not to obtain counsel for the majority of the proceedings was certainly his right. Nonetheless, there exists a line between accommodating a *pro se* litigant and advocating for a *pro se* litigant which courts cannot cross. As we have explained on numerous occasions, the trial court's approach should be one of balance. In that regard, we have stated that:

"trial courts possess a discretionary range of control over parties and proceedings which will allow reasonable accommodations to *pro se* litigants without resultant prejudice to adverse parties. *Pro se* parties, like other litigants, should be provided the opportunity to have their cases 'fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party.' *Conservation Commission v. Price,* 193 Conn. 414, 479 A.2d 187, 192 n. 4 (1984)." *Blair v. Maynard,* 174 W.Va. 247, 252, 324 S.E.2d 391, 396 (1984).

Herein, we believe that all "reasonable accommodation" was made to Mr. Washington on appeal to the circuit court. Mr. Washington, who was a local bail bondsman, clearly

had some familiarity with the legal system. It is true that throughout the entire process Mr. Washington failed to answer any discovery requests by Ms. Washington's counsel and even failed to file an answer to the initial Complaint for Divorce. On the other hand, Mr. Washington did submit a proposal on the equitable distribution of the parties' assets and debts and submitted his parent education certificate. Moreover, he eventually did employ counsel who had in his possession a copy of the December 6, 2004, Final Divorce Order which clearly and unequivocally stated that he had thirty days to appeal that order.

In *Maynard*, we explained:

the court must not overlook the rules to the prejudice of any party. The court should strive, however, to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not. This "reasonable accommodation" is purposed upon protecting the meaningful exercise of a litigant's constitutional right of access to the courts.

174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984). We see no evidence of any hindrance on the meaningful exercise of Mr. Washington's constitutional right of access to the courts either before or after he obtained counsel.

After thoroughly reviewing the record and considering all of the parties' arguments, we find no error with the circuit court's March 17, 2005, denial of Mr. Washington's petition for appeal. Thus, we affirm the circuit court's decision.

## IV.

### CONCLUSION

Accordingly, the final order of the Circuit Court of Harrison County entered on March 17, 2005, is affirmed.

Affirmed.