# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**OFFICE OF DISCIPLINARY COUNSEL,**
**Petitioner**

**vs) No. 13-0545 (Original Proceeding)**

**KAREN E. ACORD, a member**
**of The West Virginia State Bar, Respondent**

**FILED**

September 12, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Lawyer Disciplinary Counsel Reneé N. Frymyer for Petitioner.

Karen E. Acord, Respondent.

## MEMORANDUM DECISION

In this original proceeding the Office of Disciplinary Counsel ("ODC") requests this Court to hold the respondent, attorney Karen E. Acord, in contempt of this Court for failing to comply with two of the directives set forth in this Court's prior order reprimanding Ms. Acord in a lawyer disciplinary action against her. Ms. Acord is a member of the West Virginia State Bar, having been admitted to practice on May 21, 1973. The ODC further requests that the Court immediately suspend Ms. Acord's license to practice law as a result of such contemptuous conduct.

The Court has carefully considered the petition and the oral arguments of the parties. This case does not involve a novel issue or a substantial question of law and therefore a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We agree with the recommendations of the ODC, and we hold Ms. Acord in contempt for her failure to comply with our prior order; we immediately suspend her license to practice law in this State.

The disciplinary action against Ms. Acord arose from her administration of an estate. The disciplinary complaint alleged that she neglected the estate, failed to be properly bonded before serving as the executrix, failed to timely file certain documents, neglected certain duties as executrix, and failed to communicate with the heirs. As a result of her conduct, the Hearing Panel Subcommittee ("HPS") of the Lawyer Disciplinary Board ("LDB") found that she violated Rules 1.3, 1.15, 1.16, 3.4 and 8.4 of the Rules of Professional Conduct. After considering the aggravating as well as mitigating factors, the HPS recommended that she receive a reprimand, pay restitution to the subject estate in the amount of $800.00, complete certain additional continuing legal education ("CLE"), and pay the cost of the proceedings. The recommendation of the HPS was filed with this Court on May 11, 2012. Pursuant to Rule 3.11 of the Rules of Lawyer Disciplinary Procedure, the ODC and Ms. Acord each had thirty days within which to file written consent or objection to the

1

recommendation of the HPS with the Clerk of this Court. **Ms. Acord did not file any objection to the recommendation of the HPS.** The ODC filed its consent to the recommendation on May 16, 2012.

By order entered June 19, 2012, this Court unanimously adopted the recommendation of the HPS and sanctioned Ms. Acord for her violation of the Rules of Professional Conduct. After considering the appropriate standard of review as well as the aggravating and mitigating factors, this Court's June 19, 2012, order provides:

> The Court does concur with recommendation and doth hereby approve the recommendation of the Hearing Panel Subcommittee. It is therefore ordered that: (1) the respondent be, and she hereby is, reprimanded for her conduct in this matter; (2) respondent shall make restitution to the Estate of Anna Diem in the amount of $800.00; (3) respondent shall complete an additional three hours of continuing legal education in ethics and/or office management during the 2012-2014 reporting period, in addition to the hours already required; and (4) respondent shall pay the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure.

*Lawyer Disciplinary Board v. Acord*, No. 11-1356, (W.Va. June 19, 2012).

Rule 3.11 of the Rules of Lawyer Disciplinary Procedure further provides:

> If neither the Office of Disciplinary Counsel nor the lawyer files an objection within such thirty day period and an order is entered by the Supreme Court of Appeals adopting the disposition of the formal charge recommended by the Hearing Panel Subcommittee, a motion for relief from such order, if filed within four months of the date of the report by the Hearing Panel Subcommittee, may be made pursuant to Rule 60(b)(1), (2), (3) or (6) of the Rules of Civil Procedure.

**Ms. Acord did not file any such motion for relief from the Court's order.**

In this original jurisdiction proceeding seeking a rule to show cause, ODC asserts that Ms. Acord has not complied with the second and fourth conditions of this Court's June 19, 2012 order, requiring her to "make restitution to the Estate of Anna Diem in the amount of $800.00;… and pay the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure." This contempt proceeding was filed May 24, 2013, nearly one year after Ms. Acord was ordered to make restitution and pay the costs of the disciplinary proceeding. **Ms. Acord did not file a response to the Petition for Rule to Show Cause**.

After review and consideration of the Petition for Rule to Show Cause, on June 12, 2013, this Court issued the requested rule. The rule directed Ms. Acord to show cause as to why she should not be held in contempt of this Court "unless sooner mooted by the payment of restitution to the Estate of Anna Diem in the amount of $800.00 and payment of the costs of the disciplinary

2

proceeding, as set forth and required by the Court's June 19, 2012 order." The rule to show cause was made returnable on September 4, 2013.

At the time of the issuance of the rule to show cause order, nearly one year after being ordered to pay restitution and costs in the disciplinary action against her, Ms. Acord never made any payment. By issuing the rule to show cause on June 12, 2013, she then was given three more months before the matter was returnable on September 4, 2013, to file any just cause for her failure, or to pay the restitution and costs, thereby eliminating the need for this proceeding. The fact that she has not made any payment is more disconcerting given the fact that she never objected to either the payment of the restitution or the costs during the lawyer disciplinary proceeding against her.

The rule to show cause in contempt came on for hearing as scheduled on September 4, 2013. Reneé N. Frymyer appeared on behalf of the ODC. Ms. Acord, despite having not filed any response to the petition, appeared in person. The Court noted during oral argument that a party who has not filed a response may not be permitted to present oral argument. However, given the severity of the consequences Ms. Acord faces, the Court permitted her to explain why she should not be held in contempt for her failure to comply with the Court's order. Rather than attempt to explain her action or inaction, Ms. Acord chose at oral argument to ramble on as to other matters with which she seemed to be preoccupied. She appeared to have little or no knowledge of the applicable Court rules. The only argument made by her that appeared to defend her action in not making the restitution payment was the assertion that the estate had been closed.

In recent history the Court has held other lawyers in contempt of its disciplinary orders. In the case of *Office of Disciplinary Counsel v. Niggemeyer*, 221 W.Va. 59, 650 S.E.2d 158 (2007), this Court held a lawyer in contempt for failing to comply with a quarterly audit requirement. We found that Mr. Niggemeyer "blatantly disregarded this Court's order and refused to cooperate with the ODC's efforts to compel his compliance [. . .] until the wee morning hours of the day on which this Court was scheduled to hear arguments in the instant matter [.]" *Id*. at 64, 650 S.E.2d at 163. Likewise, in the case of *Office of Disciplinary Counsel v. Chittum*, No. 11-1402, 2012 WL 3116652 (Memorandum Decision)(W.Va. June 7, 2012) this Court held the lawyer in contempt for failing to comply with the Court's order sanctioning him for misconduct.

We conclude that Ms. Acord is in contempt of this Court for her failure to comply with the order of this Court issued on June 19, 2012, and we immediately and indefinitely suspend Ms. Acord's license to practice law in West Virginia.[1] She may purge herself of contempt by fully complying with this Court's June 19, 2012 order. Furthermore, because we are concerned by Ms. Acord's actions before this Court, once she demonstrates full compliance with this Court's order,

---

1 In making the finding of contempt and suspending Ms. Acord's license to practice law, this matter is remanded to the ODC for a determination of whether the subject estate has been closed, such that strict compliance with this Court's order is not possible. If the subject estate has been closed, we further direct the ODC, or its representative, to determine how the subject payment shall be distributed. The cost of this administration shall be paid by the respondent.

she may seek reinstatement to the practice of law only through the procedure set forth in Rule 3.32 of the Rules of Lawyer Disciplinary Procedure.

For the foregoing reasons, we hereby impose the following sanctions upon Ms. Karen E. Acord: (1) Ms. Karen E. Acord is hereby held in contempt of this Court for her failure to comply with this Court's order entered June 19, 2012; (2) the law license of Ms. Karen E. Acord to practice law in the State of West Virginia is immediately and indefinitely suspended; (3) Ms. Karen E. Acord may purge herself of contempt by fully complying with this Court's order dated June 19, 2012; (4) after purging herself from contempt, once she demonstrates full compliance with this Court's order, she may seek reinstatement to the practice of law only through the procedure set forth in Rule 3.32 of the Rules of Lawyer Disciplinary Procedure. The Clerk of the Court is directed to issue the mandate contemporaneously with this decision.

Finding of Contempt; License Suspended.

**ISSUED:** September 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4