## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA ex rel.**
**OFFICE OF DISCIPLINARY COUNSEL,**
**Petitioner**

**vs)    No. 14-0899**

**DONNA PRICE, a member**
**of the West Virginia State Bar,**
**Respondent**

**FILED**

February 10, 2015
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

In this original proceeding the Office of Disciplinary Counsel ("ODC") requests this Court to hold the respondent Donna Price ("Ms. Price") in contempt of this Court for her failure to comply with this Court's prior orders that publicly reprimanded Ms. Price and imposed certain conditions on her continued practice of law. The ODC, appearing by counsel Jessica H. Donahue Rhodes, further requests that this Court immediately suspend Ms. Price's license to practice law as a result of such noncompliance. Ms. Price appears *pro se* in this matter.

The Court has carefully considered the petition, the appendix, the supplemental appendix, and the oral arguments of the parties. This case does not involve a novel issue or a substantial question of law, and therefore a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. *See* Syl. Pts. 4 and 5, *State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303 (2014). We agree with the recommendations of the ODC, and we find ample cause to hold Ms. Price in contempt for her failure to comply with our prior orders and suspend her license to practice law in West Virginia until such time as Ms. Price has demonstrated full compliance.

This matter originates in part from a formal statement of charges issued by the Lawyer Disciplinary Board in 2011 alleging that misconduct occurred during the time Ms. Price served as the elected Prosecuting Attorney of Pocahontas County. After a hearing, a Hearing Panel Subcommittee ("HPS") issued a lengthy decision concluding that some, but not all, of the charges had been proven by clear and convincing evidence. The HPS concluded that Ms. Price violated Rule 1.3 of the Rules of Professional Conduct by failing to timely submit orders in criminal, juvenile, and abuse and neglect proceedings in cases pending in Pocahontas County, and that those violations were

1

intentional. The HPS further concluded that as a result of inexperience and negligence, Ms. Price violated Rule 1.1 of the Rules of Professional Conduct by failing to memorialize a defendant's waiver of the statute of limitations in a case involving misdemeanor sexual abuse to which she had been appointed as Special Prosecutor in Greenbrier County.[1] After considering the aggravating and mitigating factors, the HPS recommended that: (1) Ms. Price be publicly reprimanded; (2) Ms. Price must follow a plan of supervised practice for a period of three years with a supervising attorney, consistent with specifications set forth by the ODC; (3) During the period of supervised practice, Ms. Price must complete nine hours per year (a total of twenty-seven additional hours) of continuing legal education in the areas of law office management, civil or criminal procedure, and the substantive areas in which she intends to practice law; and (4) Ms. Price must pay the costs of the disciplinary proceedings in accordance with Rule 3.15 of the Rules of Lawyer Disciplinary Procedure.

At the time the HPS filed its recommendation, Ms. Price was represented by counsel, who filed a response to the HPS recommendation stating that Ms. Price did not object to the first three points of the proposed sanction, but that she did object to paying the full amount of the costs of the proceedings, citing the complexity and length of the proceedings, the fact that seven of the nine charges were not ultimately proven, that Ms. Price had already stipulated to the charge involving the untimely preparation of orders, and that Ms. Price has very limited means to pay the costs. By order entered March 25, 2014, this Court accepted the recommendation of the HPS in its entirety.

The Court is of the opinion to concur with the recommendation and does hereby approve the recommendation of the Hearing Panel Subcommittee in its entirety. It is therefore ordered that: (1) respondent be, and hereby is, **reprimanded** for her conduct in this matter; (2) respondent shall follow a written and executed plan of supervised practice for a period of three years with a supervising attorney of respondent's choice who is approved by the Office of Disciplinary Counsel, and is available to respond to the Office of Disciplinary Counsel; (3) during the three year supervision period, respondent shall complete 9 additional hours of continuing legal education per year, for a total of 27 additional hours, to include the following areas: ethics and office management, civil or criminal procedure, and the substantive areas in which the respondent practices law; and (4)

---

[1] As to the other seven charges, the HPS concluded that the ODC did not meet its burden to prove five of the charges by clear and convincing evidence, and concluded that the other two charges were duplicative.

> respondent shall pay the costs of these proceedings pursuant to Rule 3.15 of
> the Rules of Lawyer Disciplinary Procedure.

*Order* (W.Va. Sup. Ct. No. 11-1345, March 25, 2014)(emphasis in original). The Office of Disciplinary Counsel thereafter filed its itemized certificate, stating the amount of $17,462.18 as the costs of the proceeding that Ms. Price is now obligated to repay.

Our consideration of whether contempt is appropriate must include a review of another separate disciplinary matter involving Ms. Price that arose in 2013, *Office of Disciplinary Counsel vs. Donna Price* (W.Va. Sup. Ct. No. 13-0478). The 2013 statement of charges alleged misconduct involving a juvenile petition that occurred while Ms. Price was serving as prosecuting attorney but after the prior charges had been filed, and further alleged that Ms. Price failed to respond to disciplinary counsel. After a hearing in which Ms. Price appeared *pro se*, the HPS issued a recommendation concluding that the ODC had not proven by clear and convincing evidence that any misconduct had occurred involving the juvenile petition, but that ODC had proven that Ms. Price had failed to respond to an inquiry by disciplinary counsel. After considering the aggravating and mitigating factors, including the disposition of the 2011 disciplinary matter, and Ms. Price's remorse, the HPS recommended that (1) Ms. Price be publicly reprimanded; (2) Ms. Price must follow a plan of supervised practice for a period of three years with a supervising attorney, consistent with specifications set forth by the ODC, with the period of supervised practice to run concurrently with the prior case; (3) During the period of supervised practice, Ms. Price must complete nine hours per year (a total of twenty-seven additional hours) of continuing legal education in the areas of law office management, civil or criminal procedure, and the substantive areas in which she intends to practice law; and (4) Ms. Price must pay one-half the costs of the disciplinary proceedings in accordance with Rule 3.15 of the Rules of Lawyer Disciplinary Procedure. Ms. Price did not object to the HPS recommendation, and this Court adopted it in full by order entered May 27, 2014. The Office of Disciplinary Counsel thereafter filed its itemized certificate, stating the amount of $1,495.92 as the costs of the proceeding, one-half of which ($747.96) Ms. Price is now obligated to repay.

After the first reprimand order was entered, the ODC twice communicated in writing with Ms. Price about compliance, including the details of the supervision agreement and the ability to pay the costs of the proceeding in installments. Thereafter, counsel for Ms. Price advised the ODC that Ms. Price would communicate directly with the ODC about the matter. In July 2014, after the second reprimand order was entered, the ODC again communicated in writing with Ms. Price and provided a draft supervision agreement. When no response was received, the ODC sent a certified letter on August 19,

3

2014 stating that "[i]f we do not hear from you by Wednesday, September 3, 2014, we will file for a Rule to Show Cause with the Supreme Court." Ms. Price did not respond to the certified letter, and on September 12, 2014 the ODC filed the petition for contempt, seeking that Ms. Price be suspended from the practice of law until she has fully complied with the Court's prior orders. Ms. Price did not respond to the petition, and on October 15, 2014 this Court issued a rule to show cause in contempt, returnable January 13, 2015, that directed Ms. Price "to show cause, if any she can, why her license to practice law in the State of West Virginia should not be suspended, unless sooner mooted by the respondent's full compliance with the Court's March 25, 2014 and May 27, 2014 orders." Ms. Price has not filed anything in writing with this Court that demonstrated her compliance with the Court's orders.

Despite failing to file anything in writing with this Court, Ms. Price appeared at oral argument and, given the severity of the possible sanction, she was permitted to address the Court.[2] Although she was unable to explain why she didn't file anything in writing with the Court, she asserted that because two circuit judges had instituted one of the disciplinary proceedings, and most local lawyers practice before those same circuit judges, she had encountered difficulty in finding a suitable supervising attorney. According to the supplemental appendix, Ms. Price did contact the ODC by phone in September 2014 to inform them of her proposal that a senior family court judge be permitted to serve as her supervising attorney. The ODC maintains that they attempted to return the call and left messages that such an arrangement would not be acceptable. According to the ODC, those calls and a subsequent letter went unreturned. At oral argument, Ms. Price contended that she had difficulty receiving mail.

We are aware that contempt is not an appropriate sanction in cases where a respondent has no ability to purge themselves of the contempt. *In Re Yoho*, 171 W.Va. 625, 631, 301 S.E.2d 581, 586 (1983). It is equally clear that Ms. Price bears the burden of proof in showing that she cannot comply with this Court's prior orders. *State ex rel. Zirkle v. Fox*, 203 W.Va. 668, 672, 510 S.E.2d 502, 506 (1998); *In Re Frieda Q*, 230 W.Va. 652, 663, 742 S.E.2d 68, 79 (2013). Other than Ms. Price's unsupported statements made at oral argument, the record in this case is devoid of any proof that Ms. Price is unable to comply with the Court's prior orders.

We have previously held lawyers in contempt for their inadequate efforts to comply with sanction orders in disciplinary cases. In *Office of Disciplinary Counsel v. Niggemeyer*, 221 W.Va. 59, 650 S.E.2d 158 (2007) we found that Mr. Niggemeyer

---

[2] Rule 10(j) of the Rules of Appellate Procedure provides that failure to file a brief may result in denying oral argument to the derelict party.

"blatantly disregarded this Court's order and refused to cooperate with the ODC's efforts to compel his compliance […] until the wee morning hours of the day on which this Court was scheduled to hear arguments in the instant matter[.]" *Id.* 221 W.Va. at 64, 650 S.E.2d at 163. "While we appreciate Mr. Niggemeyer's apparent attempts to comply with our orders by tendering documentary evidence on the day of the case's submission, such efforts have been half-hearted, untimely, and suggest desperate attempts to mitigate the damage that has already been done by his noncompliance." *Id.* 221 W.Va. at 65, 650 S.E.2d at 164. In *Office of Disciplinary Counsel v. Kenneth E. Chittum*, 2012 WL 3116652 (W.Va. Sup. Ct. No. 11-1402, June 7, 2012)(memorandum decision) we stated that "[o]ur conclusions regarding Mr. Niggemeyer apply equally here." *Id.* at 3. In both instances this Court held the lawyers in contempt and suspended their license to practice law until such time as they could demonstrate full compliance.

The instant matter is similar to the situation addressed by the Court in *Office of Disciplinary Counsel v. Karen E. Acord*, 2013 WL 4860849 (W.Va. Sup. Ct. No. 13-0545, Sept. 13, 2013)(memorandum decision). In *Acord*, the lawyer in question failed to respond in writing to the rule to show cause in contempt, and showed up on the day of argument and addressed the Court in a manner that demonstrated her unfamiliarity with court rules and demonstrated no proof as to why she was unable to comply with the Court order. *Id.* at 3.

The rule to show cause in this case was issued three months ago and made clear that the order would be mooted "by the respondent's full compliance with the Court's March 25, 2014 and May 27, 2014 orders." Despite the clarity of this direction, the severity of the possible penalties for contempt, and the ample passage of time to permit Ms. Price to comply with the Court's orders, she has filed nothing with this Court to demonstrate her compliance or to prove that she is unable to comply. Her unsupported statements at oral argument simply do not suffice. We therefore conclude that Ms. Price is in contempt of this Court for her failure to comply with the Court's March 25, 2014 and May 27, 2014 orders, and we hereby suspend Ms. Price's license to practice law, effective February 17, 2015. She may purge herself of the contempt by fully complying with the Court's March 25, 2014 and May 27, 2014 orders.

For the foregoing reasons, we hereby impose the following sanctions: (1) Ms. Donna Price is hereby held in contempt of this Court for her failure to comply with Court's March 25, 2014 and May 27, 2014 orders; and (2) Ms. Donna Price is hereby suspended from the practice of law in the State of West Virginia, beginning on February 17, 2015 and continuing until such time as she can demonstrate full compliance with this

Court's March 25, 2014 and May 27, 2014 orders. The Clerk of Court is directed to issue the mandate contemporaneously with this decision.

Contempt found; License suspended.

**ISSUED:** February 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II